T.C. Memo. 1998-400


UNITED STATES TAX COURT


WAYNE C. MASON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3671-97.                    Filed November 12, 1998.


Wayne C. Mason, pro se.

<u>John A. Freeman</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on petitioner's motion for an award of litigation costs under
section 7430 and Rules 230 through 233.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for 1993, the taxable year
                                              (continued...)

After concessions by respondent,[2] the issues for decision
are as follows:

(1) Whether petitioner unreasonably protracted the court
proceeding.  We hold that he did not.

(2) Whether the litigation costs claimed by petitioner are
reasonable.  We hold that a portion of the litigation costs
claimed by petitioner are not reasonable.

Neither party requested an evidentiary hearing, and the
Court concludes that such a hearing is not necessary for the
proper disposition of petitioner's motion.  Rule 232(a)(2).  We
therefore decide the matter before us based on the record that
has been developed to date.

Background

Petitioner resided in Barnesville, Ohio, at the time that
his petition was filed with the Court.

By notice of deficiency dated December 11, 1996, respondent
determined a deficiency in petitioner's Federal income tax for

---

[1](...continued)
in issue.  However, all references to sec. 7430 are to such
section in effect at the time that the petition was filed.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

[2]  Respondent concedes: (1) Petitioner exhausted his
administrative remedies, see sec. 7430(b)(1); (2) petitioner
substantially prevailed, see sec. 7430(c)(4)(A)(i); (3)
respondent's position at the time the notice of deficiency was
issued and at the time respondent's answer was filed was not
substantially justified, see sec. 7430(c)(4)(B); and (4)
petitioner satisfies the applicable net worth requirement, see
sec. 7430(c)(4)(A)(ii).

the taxable year 1993 in the amount of $4,778, as well as additions to tax under sections 6651(a) and 6654(a) in the amounts of $1,194.50 and $200.17, respectively.

By petition filed February 20, 1997, petitioner commenced his case in this Court. Petitioner was not aided by counsel in preparing or filing his petition. Pursuant to the Court's order for amended petition and filing fee, petitioner filed an amended petition on March 17, 1997, through his attorney, Robert Giffin. In this regard, attorney Giffin charged petitioner 3.4 hours of service for "Redrafting and proof of Tax Court Amended petition; entry of appearance; and Request for Place of Trial" and .5 hours for meeting with petitioner, at $125 per hour. Subsequently, by motion filed May 1, 1997, and granted May 29, 1997, petitioner withdrew attorney Giffin as counsel.

By letter dated May 1, 1997, respondent's Appeals officer requested information in support of petitioner's allegations contained in the amended petition. On May 13, 1997, respondent filed an answer to petitioner's amended petition, denying various allegations made by petitioner for lack of sufficient knowledge. Petitioner's subsequent counsel, James B. Curtin, provided the requested information to the Appeals officer by letter dated July 15, 1997. In this regard, attorney Curtin charged petitioner $200 for his services.

On August 14, 1997, respondent conceded the determinations in the notice of deficiency and sent a proposed settlement

document to petitioner's then former counsel, attorney Giffin. Having received no reply, respondent mailed petitioner a proposed settlement document reflecting respondent's concession of the deficiency notice determinations on three subsequent occasions, March 16, April 10, and May 4, 1998. Respondent requested that petitioner sign and return the proposed settlement document so that the parties could avoid an appearance on the designated trial date, May 18, 1998. Petitioner declined to sign the proposed settlement document because no agreement could be reached regarding the recovery of litigation costs.

At the calendar call on May 18, 1998, respondent orally conceded the determinations in the notice of deficiency. Pursuant to the Court's Order, a stipulation of settled issues was filed on July 6, 1998. Petitioner filed his motion for litigation costs on June 30, 1998, seeking recovery for the following costs:

| | |
|---|---|
| Postage costs[1] | $13.58 |
| Filing fee | 60.00 |
| Fees paid to attorney Giffin | [2] 487.50 |
| Fees paid to attorney Curtin | 200.00 |
| Mileage - 3,792 miles | |

[1]To the extent any litigation costs are to be awarded in this case, respondent does not contest the postage costs.

[2]Actually, petitioner claims $547.50 in fees paid to attorney Giffin. However, the $547.50 amount includes $60 in filing fee. For accuracy, we have properly reflected the figures as $487.50 for attorney's fees and $60 for filing fee.

With the exception of 245 miles and $8.54 in postage costs, all of the foregoing costs were incurred on or before March 16,

1998, the date on which respondent first mailed petitioner a proposed settlement document.[3]  All of the costs associated with attorney Giffin's services were incurred in 1997.  Apparently, attorney Curtin provided a portion of his services in 1997 and another portion in 1998.

Discussion

We apply section 7430 as amended by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996).  The amendments made by TBOR 2 apply in the case of proceedings commenced after July 30, 1996.  TBOR 2 secs. 701(d), 702(b), 703(b), and 704(b), 110 Stat. 1463-1464. Inasmuch as the petition herein was filed on February 20, 1997, the amendments made by TBOR 2 apply in the present case.[4]

A. Requirements for a Judgment Under Section 7430

---

[3]  In this regard, we ignore the proposed settlement document mailed to petitioner's former attorney because attorney Giffin had already been withdrawn and there is no indication that the proposed settlement document mailed to attorney Giffin was received by petitioner.

[4]  Congress has amended sec. 7430 twice since Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452 (1996).  First, Congress amended sec. 7430 in the Taxpayer Relief Act of 1997 (TRA), Pub. L. 105-34, secs. 1285, 1453, 111 Stat. 788, 1038-1039, 1055.  Second, Congress amended sec. 7430 in the IRS Restructuring and Reform Act of 1998 (RRA), Pub. L. 105-206, sec. 3101, 112 Stat. 685, 727-730.  However, the amendments made by TRA do not apply in the case of proceedings commenced before Aug. 5, 1997, and the amendments made by RRA apply only to costs incurred more than 180 days after July 22, 1998.  Inasmuch as the petition herein was filed on Feb. 10, 1997, and all of the claimed costs were incurred no later than May 18, 1998 (the trial date), the amendments made by TRA and RRA do not apply in the present case.

Under section 7430(a), a judgment for litigation costs incurred in connection with a court proceeding may only be awarded if a taxpayer: (1) Is the "prevailing party"; (2) has exhausted his or her administrative remedies within the Internal Revenue Service (IRS); and (3) did not unreasonably protract the court proceeding. Sec. 7430(a) and (b)(1), (3). A taxpayer must satisfy each of these three requirements in order to be entitled to a judgment under section 7430. Rule 232(e). Upon satisfaction of these requirements a taxpayer may be entitled to "reasonable litigation costs". Sec. 7430(a)(2), (c)(1).

Respondent concedes that petitioner was the prevailing party in the court proceeding. Respondent also concedes that petitioner exhausted his administrative remedies within the IRS. Respondent contends, however, that petitioner unreasonably protracted the court proceeding and that the litigation costs claimed are unreasonable.

B.   Unreasonable Protraction of the Court Proceeding

Pursuant to section 7430(b)(3), "No award for reasonable litigation * * * costs may be made * * * with respect to any portion of the * * * court proceeding during which the prevailing party has unreasonably protracted such proceeding."

Respondent mailed petitioner a proposed settlement document on three separate occasions--the earliest on March 16, 1998. Respondent contends that petitioner unreasonably protracted the

court proceeding by failing to sign and return the proposed settlement document mailed to him on March 16, 1998. If petitioner unreasonably protracted the court proceeding, then petitioner may not be entitled to any recovery for litigation costs incurred after receipt of the proposed settlement document. With respect to costs incurred after March 16, 1998, petitioner claims recovery only for mileage (245 miles) and a postage expense of $8.54.

We have previously held that a taxpayer's refusal to sign a stipulated decision does not constitute unreasonable protraction of the proceeding when the taxpayer's refusal is based upon the parties' failure to reach an agreement regarding litigation costs. Buck v. Commissioner, T.C. Memo. 1993-16. In Buck, the Commissioner sent the taxpayer a proposed stipulated decision about 3 weeks before the scheduled trial date. The taxpayer's attorney met with the Commissioner's attorney, but no agreement was reached regarding the taxpayer's litigation costs. Under those circumstances, we held that the taxpayer did not unreasonably protract the proceeding by refusing to sign the stipulated decision and appearing at the calendar call to request an award of litigation costs.

Similarly, in the instant case, petitioner's failure to sign the proposed settlement document was based on the fact that no agreement regarding litigation costs could be reached between the parties. At the earliest, respondent mailed petitioner a

proposed settlement document about 2 months prior to the scheduled trial date. Petitioner declined to sign the proposed settlement document because no agreement had been reached regarding litigation costs. Rather, petitioner appeared at trial to request an award of litigation costs. Under these circumstances, we hold that petitioner did not unreasonably protract the court proceeding.

C. Reasonableness of Litigation Costs

In the case of a prevailing party, section 7430(a)(2) provides for the recovery of "reasonable litigation costs". Section 7430(c)(1) defines reasonable litigation costs to include reasonable court costs and reasonable expenses of expert witnesses, studies, and attorney's fees.

1. Attorney's Fees

Generally, reasonable attorney's fees are limited to $110 per hour. Sec. 7430(c)(1)(B)(iii). However, an adjustment may be made for an increase in the cost of living or the existence of a special factor, such as the limited availability of qualified attorneys. Sec. 7430(c)(1).

Petitioner claims attorney's fees for the services of two different attorneys. Petitioner's first counsel, attorney Giffin, assisted petitioner by meeting with petitioner and drafting the amended petition. In this regard, petitioner claims

recovery for 3.9 hours at $125 per hour for attorney Giffin's services. We do not think that 3.9 hours is an unreasonable amount of time for attorney Giffin's services. However, petitioner may not recover at a rate in excess of $110 per hour for attorney Giffin's services. There is no persuasive evidence that the availability of qualified attorneys to aid petitioner in redrafting the petition was limited. See sec. 7430(c)(1). Further, after application of the 1997 cost-of-living adjustment, the statutory rate is nevertheless limited to $110 per hour. See sec. 7430(c)(1); Rev. Proc. 96-59, 1996-2 C.B. 392, 396. Accordingly, petitioner's recovery for attorney Giffin's services will be limited to 3.9 hours at $110 per hour, or $429.

Petitioner also claims recovery for $200 in attorney's fees incurred with respect to attorney Curtin's services. Attorney Curtin assisted petitioner in providing the Appeals officer with the requested documentation that resulted in respondent's concession of the issues raised in the notice of deficiency. Petitioner claims $200 in attorney's fees for attorney Curtin's services. We think that petitioner's claim of $200 in this regard meets the applicable standard and is reasonable.[5]

2. Mileage

Petitioner claims recovery for mileage with regard to 3,792 miles of travel allegedly incurred in connection with this case.

---

[5] A $200 expense for attorney Curtin's services translates into 1.8 hours of service at a rate of $110 per hour.

Section 7430 defines reasonable costs to include court costs, cost of studies, expert fees, and attorney's fees. Mileage incurred by a taxpayer is not within the definition of reasonable costs and is therefore not recoverable under section 7430. See Buck v. Commissioner, T.C. Memo. 1993-16. Accordingly, petitioner may not recover costs for mileage.[6]

### 3. Filing Fee and Postage Costs

Reasonable litigation costs include reasonable court costs. Sec. 7430(c)(1)(A). Petitioner is therefore entitled to recover the $60 Tax Court filing fee.

Finally, and as previously noted, respondent concedes the postage costs if petitioner is entitled to an award of litigation costs. Because petitioner is entitled to recover reasonable litigation costs, he may recover the postage costs.

To reflect our disposition of the disputed issues and respondent's concessions,

An appropriate order and decision will be entered.

---

[6] Regardless, we note that the majority of the mileage claimed by petitioner is not reasonable.